Filed 3/21/16  P. v. Espinoza CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ISMAEL ESPINOZA,<br><br>    Defendant and Appellant. | G051636<br><br>(Super. Ct. No. 13CF0852)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, James Edward Rogan, Judge.  Affirmed.

William G. Holzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*                  \*                  \*

Two officers saw defendant Ismael Espinoza run down an alley and fire gunshots. An officer chased defendant and shouted, "Police, drop the gun." Defendant continued to advance up the alley; he would sprint, then slow down and fire the weapon, then sprint again. He was aiming at a group of people further up the alley. Someone in that group of people fired a shotgun three times at defendant. Defendant turned and faced the officer with his gun pointed at the officer, but did not fire. Defendant dropped the gun and ran. The officer caught up to defendant and arrested him.

In defendant's jail cell, officers found graffiti etchings and a kite relating to defendant's gang and his moniker. The parties stipulated the repair cost of the graffiti etchings in defendant's cell was over $400.

A jury acquitted defendant of attempted premeditated murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a)),[1] but convicted him of the lesser included offense of attempted voluntary manslaughter (§§ 664, subd. (a), 192, subd. (a)). The jury also convicted him of possession of a firearm within 1,000 feet of a school (§ 626.9, subd. (b)), and of vandalism causing damage exceeding $400 (§ 594, subds. (a), (b)(1)) for the benefit of a criminal street gang (§ 186.22, subd. (b)). The jury acquitted him, however, of exhibiting a deadly weapon to resist arrest. (§ 417.8.)

The court sentenced him to the upper term of five years six months for attempted voluntary manslaughter plus a consecutive 10 years for the attached firearm enhancement. The court further sentenced him to a consecutive eight months (one-third the midterm) for vandalism plus a consecutive year for the attached gang enhancement. The court imposed a four-year sentence for defendant's firearm possession near a school,

---

[1] All statutory references are to the Penal Code.
The court instructed the jury with CALCRIM No. 604 on attempted voluntary manslaughter (imperfect self-defense).

but stayed execution of sentence pursuant to section 654. As a result, defendant's prison term totaled 17 years two months.

Defendant appealed the judgment, and we appointed counsel to represent him. Counsel filed a brief which set forth the facts of the case. Counsel did not argue against defendant, but advised the court he found no issues to argue on defendant's behalf. We have examined the entire record but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was given 30 days to file written argument on his own behalf, but he did not do so.

As a clerical matter, however, the abstract of judgment must be revised to reflect defendant was convicted in count 3 of possession of a firearm within 1,000 feet of a school in violation of section 626.9, subdivision (b), and *not* of assault with a deadly weapon (§ 245, subd. (a)(1)) (as erroneously indicated in the abstract of judgment).

DISPOSITION

The clerk of the superior court is directed to prepare an amended abstract of judgment indicating defendant was convicted in count 3 of possession of a firearm within 1,000 feet of a school in violation of section 626.9, subdivision (b), and is directed to forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

IKOLA, J.

WE CONCUR:

O'LEARY, P. J.

THOMPSON, J.

3